# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No. 12-61145 (RK) |
| Thomas D. Roller | * | Chapter 7 |
| Debtor. | * | Judge Russ Kendig |
| | * | |
| Daniel M. McDermott, United States Trustee, Region 9 | * | |
| Plaintiff, | * | Adv. Proc. No. 13-06050 |
| vs. | * | |
| Thomas D. Roller, | * | ANSWER |
| Defendant | * | |

## ANSWER OF THOMAS D. ROLLER

1. The Defendant/Debtor, Thomas D. Roller, for his answer admits that this is an adversary proceeding as set forth in paragraph three (3), Defendant/Debtor, admits the Plaintiff does in fact have standing under U.S.C. § U.S.C. § 157, 28 U.S.C. § 1334 and 11 U.S.C. § 523.

2. Defendant/Debtor, Thomas D. Roller, admits paragraphs one (1), two (2), three (3), four (4), five (5), six (6), seven (7), and eight (8) as stated in Plaintiff's complaint.

3. Defendant/Debtor, Thomas D. Roller admits paragraph nine (9), with the understanding that the $89,243 was sold but not withdrawn.

4. Defendant/Debtor, Thomas D. Roller, admits paragraphs ten (10), eleven (11), and twelve (12) as stated in Plaintiffs complaint.

5. Defendant/Debtor, Thomas D. Roller, admits paragraph thirteen (13), was done in error and debtor was never asked to amend his petition.

6. Defendant/Debtor, Thomas D. Roller, admits paragraphs fifteen (15), seventeen (17), and twenty (20) as stated in Plaintiff's complaint.

7. Defendant/Debtor Thomas D. Roller, denies paragraphs fourteen (14), sixteen (16), eighteen (18), nineteen (19), twenty-one (21), and Counts one (1), two (2), three (3), four (4), five (5), six (6), seven (7), eight (8), and nine (9) for lack of knowledge.

## FIRST DEFENSE

8. Debtor has attempted to respond to the U.S. Trustee's request for discovery. Debtor has provided to the Trustee on four separate occasions documentation of his Great West account, Edward Jones account, First Federal checking and savings accounts and Citizens Bank checking account. Trustee DeGirolamo has also been provided with a copy of Defendant/Debtor's 2011 Federal tax return.

9. The U.S. Trustee issued a subpoena to First Federal requesting information regarding the termination of Mr. Roller's 401-k account, and the loan that Mr. Roller had through First Federal. The Trustee has not yet provided our office with a copy.

10. Defendant/Debtor, Thomas Roller, has attempted without success to obtain credit card statements to establish how the remainder of his funds were expended. Mr. Roller lost all his receipts with regards for his failed business due to a break in. All of his valuable documents were in one location and stolen along with his check book. A copy of the police report was given to Trustee DeGiroloamo by Mr. Roller's ex-girlfriend Holly

Williamson. Defendant/Debtor has made every effort to obtain his credit card statements but once a Debtor has filed bankruptcy credit card companies will not cooperate. We have now been forced to attempt to issue subpoenas for the information, this has proved a difficult task as credit card companies do not return phone calls, legal departments are left messages and fail to return them, etc. The defendant is attempting to obtain this information and will provide if capable.

11. Defendant/Debtor has made every attempt to comply with discovery requests made by the U.S. Trustee. Debtor has provided an appropriate response with all records under his control. The only records that the Debtor failed to provide were credit card statements which are records under the control of others. Debtor is continuing to attempt to provide these statements. From a totality of the circumstances there is no abuse done by the Debtor.

## **SECOND DEFENSE**

12. Defendant/Debtor, Thomas D. Roller still makes claim that his Bankruptcy was filed true and correct to the best of his knowledge, information and belief.

13. When stated "None" on Schedule B of the petition was made in error. At no time did the Defendant/Debtor try to hide or conceal this information from the U.S. Trustee

14. At no time was it commanded by the U.S. Trustee that an amendment be made to the petition.

15. In Defendant/Debtor's Statement of Financial Affairs, Item 19d, Defendant answered "None.

16. Defendant/ Debtor took out a separate loan with First Federal Bank of Ohio for $32,000. He then used these monies to pay off two smaller loans that he previously had.

The Statement of Financial Affairs, Item 19d, which requires him to list all financial institutions, creditors or other parties to whom he issued a financial statement within the two years preceding the commencement of the case the answer is "None. Item 19d is with regards to a business. Mr. Roller's loan with First Federal Bank of Ohio was a personal unsecured loan; at no time did he provide a Financial Statement to them. This loan had no part of Mr. Roller's restaurant business which failed before it could even open.

17. Defendant/Debtor would like the Trustee to provide a copy of the speculative financial statement as mentioned in the Plaintiff's complaint.

18. Wherefore, Defendant/Debtor, Thomas D. Roller requests the court to dismiss this action and permit the Defendant/Debtor, Thomas D. Roller to receive a complete discharge and a fresh start.

Respectfully submitted,

Charles T. Robinson, #0000386
Attorney for Defendant
3 N. Main Street
Ste. 400
Mansfield, Ohio 44902
Telephone (419) 524-6000

## PROOF OF SERVICE

A true and accurate copy of the foregoing Answer was served upon Daniel M. McDermott and Derrick V. Rippy, Office of the United States Trustee, H.M. Metzenbaum U.S. Courthouse, 201 E. Superior Avenue, Suite 441, Cleveland, Ohio 44114, Kim Peel, Deputy Clerk, Ralph Regula U.S. Courthouse, 401 McKinley Avenue SW, Canton, Ohio 44702 this 13 day of March, 2013.

Charles T. Robinson, #0000386
Attorney for Defendant